**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   19-14035-CR-ROSENBERG/MAYNARD**

**UNITED STATES OF AMERICA**

**vs.**

**TENTLOGIX, INC., ET AL.,**

                         **Defendants.**
_____/

**PROTECTIVE ORDER GOVERNING DISCOVERY**

This matter came before the Court on the United States' Unopposed Motion for Protective Order.   The Court being fully advised of the premises and finding good cause for the motion, it is hereby ORDERED:

1.       The government shall identify to the defense any discovery materials containing financial records, tax records, including federal income tax returns and W-2 statements, employee records, including Form I-9s, bank records, and other materials that contain private information or means of identification, such as Social Security numbers, dates of birth, or other items falling with the definition of means of identification under 18 U.S.C. § 1028(d)(7).   In this order, "covered materials" refers to all materials so identified by the government, including originals, copies, and electronic data.

2.       For purposes of this order, "government personnel" refers to government attorneys assigned to the case and federal law enforcement officers or third party contractors assigned to the case.

3.       Government personnel and defense counsel shall not provide covered materials to any person except as specified in this order or by prior approval of the Court.

4.     A defendant shall possess the covered materials only in the presence of the defendant's counsel or an employee of defense counsel, and only as necessary for counsel to prepare the case.   However, this paragraph shall apply only to copies of covered materials obtained in discovery in this case.   Therefore, in the event that a defendant possesses other copies, not received through discovery, of covered materials, those other copies shall not be governed by this order.

5.     Employees of government personnel or defense counsel may possess the covered materials, but only as necessary to prepare the case.

6.     Persons contracted by the government or defense to provide expert analysis or testimony, and their employees or associates, may possess the covered materials, but only as necessary to provide the expert analysis or testimony.

7.     The government may provide the covered materials to a contracted copy service to facilitate discovery.

8.     Government personnel and defense counsel shall ensure that a defendant and any third party that obtains access to the covered materials are provided a copy of this order and a complete list of all materials identified by the government as covered by this order.   No third party that obtains access to or possession of the covered materials shall retain such access or possession unless authorized by this order, nor further disseminate the covered materials except as authorized by this order.   Any third party that obtains access to or possession of the covered materials shall promptly destroy or return the materials once the third party no longer requires access to or possession of the materials to assist in the preparation of the case.   For purposes of this order, a "third party" is any person other than government personnel, defense counsel, a defendant, or a person covered by paragraphs 5 or 6 of this order.

9.      Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and defense counsel shall destroy or cause to be destroyed all copies of the covered materials, except that government personnel and defense counsel may maintain copies in their closed case files following their ordinary procedures.

10.     Government personnel and defense counsel shall promptly report to the Court any known violations of this order.

DONE AND ORDERED in chambers at Fort Pierce, Florida this 23rd day of July, 2019.


_____
     ROBIN L ROSENBERG
     UNITED STATES DISTRICT JUDGE