UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   19-14035-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA

v.

GARY HENDRY,

                        **Defendant.**
_____/

## UNITED STATES' MOTION FOR DOWNWARD DEPARTURE

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully requests, under Section 5K1.1 of the United States Sentencing Guidelines, that the Court depart downward from the bottom of the defendant's advisory guideline range by 20% in order to reflect the defendant's substantial assistance to the United States.

On July 11, 2019, a federal grand jury in the Southern District of Florida returned an indictment charging TentLogix, Inc. ("TentLogix"), Gary Hendry ("Hendry"), Dennis Birdsall ("Birdsall"), and Kent Hughes ("Hughes") with conspiring to harbor aliens for the purpose of commercial advantage or private financial gain in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) (Count One), and Hendry and Birdsall with causing false statements to be made in a matter within the jurisdiction of the executive branch of the United States in violation of Title 18, United States Code, Section 1001(a)(2) (Count Two).  (Doc. No. 1.)  On September 25, 2019, Hendry pleaded guilty to the conspiracy charge pursuant to a written plea agreement with the United States.  (Doc. Nos. 82-87, 96.)  Hendry also agreed to forfeit $282,789.00 to the United States, which represents the amount of gross proceeds Hendry personally obtained as a

result of his participation in the conspiracy. (Doc. No. 83.) Hendry satisfied his forfeiture obligation to the United States on September 25, 2019.

Hendry's sentencing hearing is scheduled for December 5, 2019. The Presentence Investigation Report ("PSI") shows his advisory sentencing guideline range to be 37 – 46 months based on a total offense level of 21 and criminal history category of I, which includes a six-level enhancement under USSG § 2L1.1(b)(2)(B) because the offense involved the harboring of at least 25 but less than 100 aliens, a four-level enhancement under USSG § 3B1.1(a) for being an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, and a two-level enhancement under USSG § 3C1.1 for obstruction of justice. (PSI at ¶¶ 34-43, 96.)

Prior to his arrest on the present charges, Hendry met with law enforcement and agreed to cooperate with the United States. In sum, Hendry admitted he approached Hughes in March 2017 and asked him to form a shell company for the sole purpose of shielding the illegal aliens who worked for TentLogix from an ongoing investigation by Homeland Security Investigations ("HSI"). Henry advised TentLogix could not fulfill its contractual obligations and maintain its customer base without the illegal aliens it employed. Hendry insisted that if he had terminated all the illegal aliens who worked for TentLogix, the company would have gone bankrupt. Hendry stated that Birdsall was responsible for providing Hughes with the names and hours worked for the illegal aliens, and for transferring the funds necessary to pay those employees. Hendry acknowledged TentLogix deliberately lied to its attorney in May 2017, and told her that 92 of the 96 employees identified by HSI in 2016 had been terminated. Hendry advised that GMC was primarily responsible for recruiting the illegal aliens who worked for TentLogix, most of whom were from Guatemala. Hendry stated that Birdsall explained the plan to use the shell company to

GMC, and that GMC offered no objection. Hendry also agreed to testify against Birdsall if the case proceeded to trial. Birdsall pled guilty after learning Hendry was willing to testify against him. The United States believes that Hendry's willingness to testify against Birdsall played an important role in Birdsall's decision to plead guilty.

Based on the foregoing, the United States respectfully requests the Court to depart downward from the bottom of the defendant's advisory guideline range by 20% in order to reflect the defendant's substantial assistance to the United States.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   **/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
Florida Bar# 0031149
101 South U.S. Highway 1
Suite 3100
Fort Pierce, Florida 34950
Telephone: (772) 293-0950
Email:michael.porter2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney