**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:19-cr-14035-ROSENBERG**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY HENDRY,

    Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR MODIFICATION OF SENTENCE**

This cause comes before the Court upon Defendant Gary Hendry's ("Hendry") Motion for Modification of Sentence. DE 182. On December 20, 2019, the Court sentenced Hendry to imprisonment for a term of one year and one day for the crime of conspiracy to harbor aliens for the purpose of commercial advantage. DE 177. Hendry self-reported and began to serve his sentence on April 20, 2020. He filed the instant Motion for Modification of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) the following day. He seeks the conversion of the remainder of his sentence of imprisonment to home confinement.

The Government responded that the Court could not grant Hendry the relief that he seeks because he had not exhausted administrative remedies, as required under § 3582(c)(1)(A). Hendry subsequently filed a letter from the warden of FCI Jesup, the prison in which he is confined, which states that his request to the Bureau of Prisons ("BOP") for release to home confinement has been denied. *See* DE 192-1.

The Court has carefully considered Hendry's Motion, the Government's Response thereto [DE 187], Hendry's Reply [DE 188], Hendry's Supplements [DE 184, 185, 186, 189, 190, 191, 192, and 193], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Hendry's Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstances is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the

2

Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D).

Hendry is 53 years' old. As his basis for sentence modification, he states that he suffers from hypertension, mitral valve disorder, melanoma, diverticulitis, high cholesterol, and sleep apnea. He contends that he is more susceptible to contracting COVID-19 while he is in prison than if he were sheltering in place at home and that he is particularly vulnerable to complications from COVID-19 due to his health conditions. He also maintains that his living conditions "border[] on inhumane." He asserts that he is being confined in isolation, that he has not been given a pillow, that his dietary requirements are not being met, that the toilet runs continuously, that the shower is cold and overflows, that it is difficult for him to sleep because staff continuously enter and exit, and that he is not permitted to keep the apparatus that cleans the machine he uses for sleep apnea.

The Court is sympathetic to the health challenges that Hendry describes in his Motion. The Government acknowledges that at least one of his conditions, hypertension, would place him in a higher risk category, were he to contract COVID-19. The Court is also sympathetic to the many hardships that imprisonment creates. And the Court understands both that Hendry has legitimate concerns about the spread of COVID-19 and that incarcerated individuals may be unable to practice the same health precautions that are available to the general public.

The Court concludes, however, that Hendry has not demonstrated extraordinary and compelling reasons that warrant the conversion of his sentence to home confinement. As of the date of this Order, FCI Jesup has no confirmed COVID-19 cases. *See*

https://www.bop.gov/coronavirus/ (last visited May 5, 2020). The BOP has implemented numerous procedures to mitigate the spread of COVID-19 in its correctional facilities. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited May 5, 2020). These procedures include screening inmates, staff, and contractors; isolating inmates under certain circumstances; suspending visits and unnecessary inmate movement; and modifying operations to maximize social distancing such as during meal and recreation times. *See id.* Hendry himself has been isolated since entering prison.

The Court appreciates Hendry's fear that COVID-19 might spread in FCI Jesup. However, the Court must view that fear in conjunction with the facts as best the Court is able to ascertain them. Those facts are that FCI Jesup does not have any confirmed COVID-19 cases and that the BOP has implemented mitigation measures in accordance with its role to protect the inmates within its facilities. The Court has been presented with no information that would indicate that these measures will be ineffective at FCI Jesup. Hendry may apprise the Court if the situation changes. Under the present circumstances, the Court does not find extraordinary and compelling reasons that warrant the conversion of his sentence to home confinement. The other hardships of prison life that Hendry brings to the Court's attention similarly do not present extraordinary and compelling reasons warranting sentence modification.

The Court notes that the Government advised Hendry that it would not object to a 30-day extension of his self-surrender date, with the ability to revisit the length of the extension in the future should the circumstances warrant. *See* DE 187 at 3 n.3. This accommodation may have permitted Hendry to delay his term of incarceration until after the immediate threat that COVID-19 presents had passed. Hendry did not take advantage of this accommodation by seeking a

4

self-surrender extension.  He instead chose to self-surrender on April 20 and immediately file the instant Motion.

The Court has also considered the sentencing factors in § 3553(a) and concludes that a sentence modification is not warranted in light of the factors.  *See* 18 U.S.C. § 3553(a); *see also id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence).  The Court has reviewed the circumstances of Hendry's offense.  *See id.* § 3553(a)(1).  In brief, he was the chief executive officer of a corporation that employed aliens not authorized to work in the United States.  Homeland Security Investigations ("HSI") audited the corporation, discovered the aliens' employment, and warned the corporation that continuing to employ the aliens could lead to criminal charges.  Hendry was aware of this warning.  He, along with co-workers, thereafter attempted to conceal the aliens' employment by devising a scheme involving the formation and use of a shell company, such that the aliens would not appear on the corporation's payroll.  Hendry was the "architect" of this scheme.  *See* DE 84 at 2-3.  The corporation then falsely reported to HSI that the aliens' employment had been terminated.

Hendry's sentence of imprisonment is necessary to reflect the seriousness of this crime, promote respect for the law, provide just punishment, and deter similar conduct.  *See* 18 U.S.C. § 3553(a)(2).  He has been serving his sentence of one year and one day for only approximately two weeks.  The Court also notes that his sentence represented a significant downward variance from the guideline range of 37 to 46 months.

Many of Hendry's health conditions were brought to the Court's attention at the time of his sentencing.  The Court considered those conditions, among other factors, when fashioning an appropriate sentence.  *See id.* § 3553(a)(1) (requiring a court to consider the characteristics of the

5

defendant when imposing a sentence).  The Court was not presented with the added concern of COVID-19 at the time of sentencing.  Nevertheless, as stated above, Hendry's facility has no confirmed COVID-19 cases, and the BOP has implemented measures to mitigate the spread of the disease in its facilities.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Gary Hendry's Motion for Modification of Sentence [DE 182] is **DENIED WITHOUT PREJUDICE**.[1]

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of May, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

---

[1] Hendry alternatively sought a judicial recommendation to the BOP that he be transferred to home confinement.  As the BOP subsequently denied a transfer under its existing guidelines, his request for a judicial recommendation is denied as moot.