UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-cr-14035-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY HENDRY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## EMERGENCY MOTION FOR COMPASSIONATE RELEASE

This cause comes before the Court upon Defendant Gary Hendry's ("Hendry") Emergency Motion for Compassionate Release. DE 206. Hendry presently is serving a sentence of one year and one day for conspiracy to harbor aliens for the purpose of commercial advantage. *See* DE 177. He is confined at FCI Jesup in Georgia.

The instant motion is Hendry's third motion seeking compassionate release in light of the COVID-19 pandemic. As background, the Court denied his first motion at a time when there were no confirmed COVID-19 cases at FCI Jesup. *See* DE 182; DE 194. He filed his second motion when an active case of COVID-19 was discovered at FCI Jesup, but, before the Court ruled on that motion, the Government notified the Court that the Bureau of Prisons ("BOP") had designated him for home confinement with a transfer date of July 28, 2020. *See* DE 195; DE 201. Because any relief granted by the Court would not have resulted in his release from prison before the BOP's transfer date, and because the Court considered the BOP to possess greater knowledge with respect

to the conditions within its prisons and the adequacy and feasibility of plans for alternative confinement, the Court denied Hendry's second motion in order to permit the BOP's plan for his transfer to home confinement to go forward. *See* DE 205.

In the instant motion before the Court, Hendry states that he has now tested positive for COVID-19 and that this development may affect his July 28 transfer date. *See* DE 206. To gather more information about his status and condition, the Court contacted the BOP on July 15, 2020, and spoke at length with Erin Chalfant, a Case Management Coordinator at FCI Jesup.

From speaking with Ms. Chalfant, the Court learned that Hendry is housed in a satellite camp at FCI Jesup. He was not eligible for home confinement under BOP policy when he first began serving his sentence. He was approved for home confinement on the day that he completed 25% of his sentence and became eligible for home confinement. He was given a transfer date of July 28. Since his approval for home confinement, another inmate at his facility developed a fever, and all inmates at the facility were tested for COVID-19. Hendry was confirmed to be positive for COVID-19 on July 13, has had no symptoms thus far, and has been placed in quarantine. He will be quarantined for 14 days and will be retested on July 29. As of July 15, he has completed 28.2% of his sentence. If the Court were to grant his request for release, he would remain quarantined until his release.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the

>lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).[1] The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13, application note 1(D). The Court must also consider whether the defendant is a danger to community safety. *Id.* § 1B1.13(2).

In ruling on the instant motion, the Court has carefully considered the safety of Hendry, the other inmates and the employees at his facility, and the public. Based on these considerations, the medical conditions that Hendry identified in his prior briefing, the Court's review of the entire

---

[1] The Government does not dispute that Hendry fully exhausted administrative remedies before seeking relief from the Court. *See* DE 207 at 7.

record, and its conversation with Ms. Chalfant, the Court is satisfied that extraordinary and compelling reasons warrant his release effective July 30, 2020.  The Court is also satisfied that his release on July 30 accords with the § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a).  By July 30, Hendry will have undergone at least 14 days of quarantine and his COVID-19 retest.  He shall be released on July 30 regardless of the outcome of that COVID-19 retest.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Gary Hendry's Emergency Motion for Compassionate Release [DE 206] is **GRANTED IN PART AND DENIED IN PART**.  The Court grants Hendry compassionate release effective **July 30, 2020**.  His motion is denied to the extent that he seeks immediate release.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 16th day of July, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record